UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUBEN FIGUEROA,<br><br>  Plaintiff,<br><br>  v.<br><br>KEN CLARK, et al.,<br><br>  Defendants. | Case No. 1:22-cv-01200-EPG (PC)<br><br>FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT THIS ACTION BE DISMISSED, WITHOUT PREJUDICE, AS DUPLICATIVE OF CASES 1:22-CV-00900 AND 1:22-CV-00916<br><br>OBJECTIONS, IF ANY, DUE WITHIN FOURTEEN DAYS<br><br>ORDER DIRECTING CLERK TO ASSIGN DISTRICT JUDGE |

Ruben Figueroa ("Plaintiff") is a state prisoner proceeding *pro se* in this in this civil rights action filed pursuant to 42 U.S.C. § 1983. As Plaintiff filed two other cases that include the same claims and defendants as this action, the Court will recommend that this action be dismissed, without prejudice, as duplicative of Case No. 1:22-cv-00900 and Case No. 1:22-cv-00916.

"Plaintiffs generally have 'no right to maintain two separate actions involving the same subject matter at the same time in the same court and against the same defendant.'" Adams v. California Dep't of Health Servs., 487 F.3d 684, 688 (9th Cir. 2007) (quoting Walton v. Eaton Corp., 563 F.2d 66, 70 (3d Cir. 1977)), overruled on other grounds by Taylor v. Sturgell, 553 U.S. 880, 904 (2008).

"To determine whether a suit is duplicative, we borrow from the test for claim preclusion." Adams, 497 F.3d at 688. "'[T]he true test of the sufficiency of a plea of 'other suit pending' in another forum [i]s the legal efficacy of the first suit, when finally disposed of, as 'the thing adjudged,' regarding the matters at issue in the second suit.'" Id. (second alteration in original) (quoting The Haytian Republic, 154 U.S. 118, 124 (1894)). "Thus, in assessing whether the second action is duplicative of the first, we examine whether the causes of action and relief sought, as well as the parties … to the action, are the same." Adams, 497 F.3d at 689. See also Serlin v. Arthur Anderson & Co., 3 F.3d 221, 223 (7th Cir. 1993) ("[A] suit is duplicative if the claims, parties, and available relief do not significantly differ between the two actions.") (citation and internal quotation marks omitted).

"After weighing the equities of the case, the district court may exercise its discretion to dismiss a duplicative later-filed action, to stay that action pending resolution of the previously filed action, to enjoin the parties from proceeding with it, or to consolidate both actions." Adams, 497 F.3d at 688.

Plaintiff filed the complaint commencing this action in the United States District Court for the Southern District of California ("Southern District") on July 14, 2022. The case was transferred to the United States District Court for the Eastern District of California ("Eastern District") on September 22, 2022. (ECF No. 5). No action was taken in this case prior to the transfer.

On July 20, 2022, Plaintiff filed a complaint that is identical to the complaint in this case. Figueroa v. Clark ("Figueroa II"), E.D. CA, Case No. 1:22-cv-00900, ECF No. 1. On July 25, 2022, Plaintiff filed another complaint, which is almost identical to the complaint in this case. Figueroa v. Clark ("Figueroa III"), E.D. CA, Case No. 1:22-cv-00916, ECF No. 1. On August 25, 2022, the Court in Figueroa III screened Plaintiff's complaint, found that it failed to state any cognizable claims for relief, and granted Plaintiff leave to amend. Id. at ECF No. 5.

All of the defendants and claims in this case are included in Figueroa II and Figueroa

\\\

III.[1]  In all three complaints, Plaintiff generally alleges that Defendants violated his Eighth and Fourteenth Amendment rights by exposing him to toxic chemicals and dangerous working conditions at the dairy processing facility at California State Prison, Corcoran, and by failing to provide him with medical care.

Indeed, Plaintiff appears to admit that the claims in this case are identical to the claims in Figueroa III.  In his complaint in Figueroa III, Plaintiff refers to this case and notes that it was "[f]iled at wrong Court instead Eastern District Court."  Figueroa III, ECF No. 1, p. 29 (errors in original).

As all of the claims and defendants included in this case are included in Plaintiff's complaints in Figueroa II and Figueroa III, as the Southern District took no action on the complaint in this action, as the Eastern District did not receive this action until after Plaintiff filed Figueroa II and Figueroa III, and as Plaintiff's complaint was screened in Figueroa III before the Eastern District received this action, the Court will recommend that this action be dismissed as duplicative of Figueroa II and Figueroa III.

Accordingly, it is HEREBY RECOMMENDED that

1. This action be dismissed, without prejudice, as duplicative of Figueroa II and Figueroa III;
2. Plaintiff's application to proceed *in forma pauperis* (ECF No. 2) be denied as moot; and
3. The Clerk of Court be directed to close this case.

These findings and recommendations will be submitted to the United States district judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1).  Within fourteen (14) days after being served with these findings and recommendations, Plaintiff may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file

---

[1] Plaintiff added an additional defendant and allegations related to that defendant in Figueroa III, but as all the claims and defendants included in this case are also included in Figueroa III, this case is duplicative of Figueroa III.

objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

Additionally, IT IS ORDERED that the Clerk of Court is directed to assign a district judge to this case.

IT IS SO ORDERED.

Dated:   **September 23, 2022**          /s/ Erica P. Grosjean
                                                   UNITED STATES MAGISTRATE JUDGE